**Lee C. HARRELL, Appellant**

v.

**Amanda Jane PECYNSKI, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 25, 2010.
Filed Jan. 3, 2011.

Alan B. Ziegler, Reading, for appellant.

Denise M. Sebald, Wyomissing, for appellee.

BEFORE: BENDER, GANTMAN, and FREEDBERG,.JJ.

OPINION BY FREEDBERG, J.:

Lee C. Harrell (Father) appeals from the order of the Court of Common Pleas of Berks County, entered December 28, 2009, that dismissed the custody action he filed against Amanda Jane Pecynski (Mother). We affirm.

Mother and Father were never married and never cohabited. They are parents of a son who lived with Mother and had occasional contact with Father until Mother decided to move to Tennessee shortly after the child's fourth birthday. In May 2008, Mother asked Father to care for the Child for approximately six weeks while she began employment in Tennessee and made arrangements for such things as the child's daycare. Father agreed, and Mother left for Tennessee.

Father filed a complaint for custody on July 23, 2008. On August 12, 2008, the trial court issued a temporary order granting the parties custody on an alternating two-week basis. On September 4, 2008, following a custody conference, the trial court entered an order requiring the parties to undergo a custody evaluation. A follow-up custody conference was sched-

uled for December 5, 2008; the conference was continued to January 23, 2009. On December 31, 2008, the case was administratively transferred from the Honorable Mary Ann Campbell to the Honorable Thomas J. Eshelman. On January 22, 2009, a second custody evaluation order was entered changing the professional designated to conduct the evaluation. The custody conference was rescheduled to July 17, 2009, to provide time for the newly designated evaluator to complete the assessment.

At the conference on July 17, 2009, the parties and their counsel accepted the custody evaluator's recommendation that the child would reside primarily with Mother in Tennessee, and that Father would have time with the child in the summer and over certain holidays. The parties notified the custody master that no additional conference would be needed.

When the child began kindergarten in Tennessee in August 2009, the parties had not filed their agreement with the trial court because they were unable to agree on the times and locations to transfer physical custody. On August 21, 2009, the trial court entered an order that provided that the case would be dismissed for failure to proceed if an agreement was not filed within thirty days. The parties contacted the custody master who declined to issue a recommendation without a custody conference. On September 16, 2009, Father filed a petition for contempt and special relief for enforcement of the prior custody orders. The petition was listed for a hearing on October 22, 2009. Mother asked the Court Administrator to reschedule a custody conference. The conference was rescheduled for November 16, 2009.

At the hearing on Father's petition for contempt on October 22, 2009, Judge Eshelman mandated the enforcement of the temporary order that provided for shared alternating custody and deferred any modification of that order pending the outcome of the custody conference on November 16, 2009. On October 29, 2009, Mother filed exceptions and a motion for post-trial relief, which were not heard by the trial court. On December 1, 2009, the case was administratively transferred back to Judge Campbell. Following the custody conference of November 16, the custody master issued a recommendation that Mother should be granted primary physical custody of the child in Tennessee and that Father should be granted partial physical custody in the summer and on alternating holidays. Father filed exceptions to the recommendation on December 18, 2009. On December 28, 2009, Judge Campbell issued an order, in which, in reliance on Pa.R.C.P. 1915.4(b) and this Court's decision in *Dietrich v. Dietrich*, 923 A.2d 461 (Pa.Super.2007), she dismissed Father's complaint in custody; dismissed all outstanding petitions; vacated all orders; and dismissed and closed the case. This appeal followed.

Father raises the following questions on appeal:

A. Did the lower court err as a matter of law when the court, on its own motion, dismissed this case under Pa.R.C.P. 1915.4(b) and *Dietrich v. Dietrich*, 923 A.2d 461 (Pa.Super.2007) when neither the plaintiff/appellant, Lee C. Harrell, nor the defendant/appellee, Amanda J. Pecynski, requested that the case be dismissed under Pa.R.C.P. 1915.4(b) and *Dietrich v. Dietrich, supra?*

B. Did the lower court err as a matter of law when the Honorable Thomas J. Eshelman dealt with the alleged delays in this matter on or about October 22, 2009, and after which Judge Mary Ann Campbell entered an order on December 28, 2009 dismissing the custody action in violation of the "law of the case"

doctrine and/or the "coordinate jurisdiction rule"?

C. Did the lower court err as a matter of law when the court, on its own motion, dismissed this case under Pa.R.C.P. 1915.4(b) and *Dietrich v. Dietrich*, 923 A.2d 461 (Pa.Super.2007) when the parties were waiting for Judge Mary Ann Campbell to schedule a custody trial date?

Father's Brief, at 4.[1]

 Before we discuss Father's claims of error we must address his failure to file his concise statement with his notice of appeal as required by Pa.R.A.P. 1925(a)(2).[2] The order, dismissing the case on December 28, 2009, was accompanied by a comprehensive opinion stating the reasons for dismissal. Father's notice of appeal, which he filed on January 20, 2010, was not accompanied by a statement of errors complained of on appeal. On February 17, 2010, the trial court filed a Statement in Lieu of a Memorandum Opinion, stating, "[Father] has not served this Court with a concise statement as required by Pa.R.A.P. 1925(a)(2)." *Id.*, 2/17/10, at 1. Our review of the record, however, reveals that Father filed his concise statement on February 17, 2010, the same day that Judge Campbell filed her Statement in Lieu of a Memorandum Opinion. The asserted errors complained of in the concise statement are identical to those raised in the questions Father presents on appeal. On February 20, 2010, Judge Campbell filed an Addendum to her Statement in Lieu of a Memorandum Opinion in response to Father's concise statement.

---

1. We need not address issue 2 based on our disposition of issues 1 and 3.

2. Pa.R.A.P. 1925(a)(2) provides, in pertinent part:

In *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa.Super.2009), this Court addressed the failure of an appellant to file a statement of errors complained of on appeal with the notice of appeal, holding:

> [H]enceforth, the failure of an appellant in a children's fast track case to file contemporaneously a concise statement with the notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2), will result in a defective notice of appeal. The disposition of the defective notice of appeal will then be decided on a case by case basis.

Father's concise statement was not filed until almost one full month after his notice of appeal. However, because there was no objection or claim of prejudice by Mother, and the trial court had the opportunity to address Father's claims of error, we will not dismiss this matter.

 We now turn to Father's claims that the trial court misinterpreted *Dietrich* and Pa.R.C.P. 1915.4(b) when it *sua sponte* dismissed this case. The correctness of the trial court's application of a Rule of Civil Procedure raises a pure question of law. *See Zimmerman v. Harrisburg Fudd I, L.P.*, 984 A.2d 497, 501 (Pa.Super.2009) ("issues involving statutory interpretation present questions of law"). As with all questions of law, our standard of review is *de novo* and our scope of review is plenary. *Id.; Dixon v. GEICO*, 1 A.3d 921, 924 (Pa.Super.2010).

Rule 1915.4(b) provides, in pertinent part:

**Prompt Disposition of Custody Cases**

. . .

**(b) Listing Trials Before the Court.** Depending upon the procedure in the

---

In a children's fast track appeal:
(i) The concise statement of errors complained of on appeal shall be filed and served with the notice of appeal required by Rule 905.

judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision. If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court shall dismiss the matter unless the moving party has been granted an extension for good cause shown, which extension shall not exceed 60 days beyond the 180 day limit.

In *Dietrich,* this Court analyzed Pa. R.C.P. 1915.4(b). In that case, the father filed a complaint in divorce, which contained a count for custody, on August 3, 2005. After several conciliation conferences, a series of petitions for contempt and a custody evaluation, the trial court held a custody trial on August 9, 2006. At the trial, the mother did not present any evidence. Instead, she insisted that the trial court dismiss the matter because it had not come to trial within 180 days of the filing of the complaint or during a good cause extension of that period as provided in Pa.R.C.P. 1915.4(b). The trial court refused to dismiss the case and entered an order granting the father primary physical custody of the parties' children. This Court found that Pa.R.C.P. 1915.4(b) required the trial court to dismiss the complaint. This Court then vacated the order of the trial court and remanded with instructions to reinstate the prior custody order.

In this matter, the trial court relied on the language of Pa.R.C.P. 1915.4(b) and the analysis in *Dietrich* to dismiss *sua sponte* this case because of inactivity. In its Addendum to Statement in Lieu of a Memorandum Opinion, the trial court ex-

plained why it believed *Dietrich* and Pa. R.C.P. 1915.4 required *sua sponte* dismissal of this action, stating:

[T]his Court would direct [Father's] attention to Pa.R.C.P. 1915.4(b) which states that '[i]f it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion, or request for trial within 180 days of filing of the pleading, the court **shall** dismiss the matter unless the moving party has been granted an extension for good cause shown, which extension shall not exceed 60 days beyond the 180 day limit.' (emphasis added). Berks County Court of Common Pleas does not automatically schedule trials. Both the parties in this case delayed this custody case for an extraordinary length of time while trying to settle the case. Neither party filed any request for trial nor requested an extension. At the time this Court dismissed the custody complaint, the case was over 300 days past Pa. R.C.P. 1915.4[ (b) ]'s prompt disposition deadline.

The Superior Court of Pennsylvania ruled in a previous custody case involving the violation of the prompt custody disposition rule, a case that arose from Berks County, that 'the rule dictates that dismissal must be automatic, thus making it unnecessary for a party to petition for dismissal.' *Dietrich v. Dietrich,* 923 A.2d 461, 465 (Pa.Super.2007). In *Dietrich,* the Superior Court made it very clear that the trial court should follow the unambiguous rule and automatically dismiss a matter when the parties have violated the deadline. *Id.* Thus, [Father's] complaint that this Court should not have acted without a party petitioning for dismissal is not in keeping with the law.

Trial Court's Addendum to Statement in Lieu of a Memorandum Opinion, 2/22/10, at 1.

The trial court's reasoning is correct based on the mandatory "shall" in Pa. R.C.P. 1915.4, which unambiguously requires that a trial court dismiss an action if trial has not been scheduled within 180 days of filing of the pleading or if the moving party has not been granted an extension for good cause shown. *See Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 150 (1997) (explaining that, by definition, "shall" is mandatory, so "there is no room to overlook [a] statute's plain language to reach a different result"). Thus, the trial court acted in compliance with the Rule of Civil Procedure when it *sua sponte* dismissed this case.

 "It is axiomatic that in custody disputes, 'the fundamental issue is the best interest of the child.' *Ellerbe v. Hooks,* 490 Pa. 363, 416 A.2d 512, 513 (1980)." *Charles v. Stehlik,* 560 Pa. 334, 744 A.2d 1255, 1258 (Pa.2000). However, the trial court was constrained to dismiss the action and this Court is constrained to affirm that action because Pa.R.C.P. 1915.4(b) affords no discretion. As a result, the child is left with no order in place to resolve parental custody issues. Nor do the parties have a resolution to their dispute. It would be preferable if Pa.R.C.P. 1915.4(b) provided the trial court with discretion whether to dismiss an action so that the fundamental concern for the best interests of the child could be considered.

Order of court affirmed.

Judge GANTMAN Concurs in the Result.