J-S34002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.E.N. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CUMBERLAND COUNTY CHILDREN AND YOUTH SERVICES | |
| | No. 1880 MDA 2015 |

Appeal from the Order Entered October 13, 2015
In the Court of Common Pleas of Cumberland County,
Civil Division, at No(s): 2015-2460

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 19, 2016**

T.E.N. ("Paternal Grandmother") appeals, *pro se*, from the order entered October 13, 2015, in the Court of Common Pleas of Cumberland County, dismissing her custody complaint with regard to L.N. ("Child"), born in February 2013. We affirm.

The trial court summarized the relevant procedural and factual history, in part, as follows:

> Subsequent to the [c]ourt's April 16, 2015 Order denying [Paternal] Grandmother's Motion to Modify Placement,[1] [Paternal] Grandmother filed a Custody Complaint on April 30, 2015. . . seeking full legal and physical custody of L.N.[2] In response, the [c]ourt [o]rdered a custody conciliation to take

---

[1] This trial court entered this order in the separate but related dependency proceedings at Docket Number CP-21-DP-0000105-2013.

[2] Paternal Grandmother sought sole legal and sole physical custody of Child pursuant to 23 Pa.C.S. § 5324. *See*Complaint for Custody, 4/30/15.

place on June 9, 2015. However, [Paternal] Grandmother's Custody Complaint failed to join [Foster Parents] to the custody action. This [c]ourt found them to be necessary parties to the conciliation under Pennsylvania Rule of Civil Procedure 1915.6, so the custody conciliation was continued,[3] and eventually rescheduled for July 14, 2015. At the July 14, 2015 conciliation, all parties appeared and were unable to reach an agreement to settle the custody action. Nevertheless, the Custody Conciliator recommended, and this [c]ourt so ordered, that [Paternal] Grandmother be awarded visitation with the Child every third week in a visitation center. A full custody hearing was scheduled for November 20, 2015.

On June 26, 2015, this [c]ourt entered an Order in the dependency docket noting that the dependency proceedings and the custody proceedings run collaterally to one another, and that the commencement of the custody proceedings would not prevent the dependency proceedings from moving forward toward adoption. Before the November 20, 2015 custody hearing could occur, L.N.'s adoption by [Foster Parents] was finalized on October 2, 2015. . . .

_____

[3] This order was initially entered on the related dependency docket, instead of the custody docket, in error. By order dated December 22, 2015, and entered December 23, 2015, the trial court corrected the docketing error. Order, 12/23/15.

Trial Court Opinion, 12/23/15, at 8-9 (footnotes omitted).

Given the Child's adoption of Child by Foster Parents, on October 9, 2015, Cumberland County Children and Youth Services (the "Agency") filed a petition to be dismissed as a defendant and/or dismiss Paternal Grandmother's custody complaint. In addition, on that same date, Foster Parents also filed a motion to dismiss Paternal Grandmother's custody complaint. By order entered October 13, 2015, because of the adoption, and in consideration of 23 Pa.C.S. § 5326, the trial court granted Foster Parents' motion and dismissed Paternal Grandmother's custody complaint. The court

also cancelled the scheduled pre-trial conference and custody trial. By further order entered October 15, 2015, the trial court deemed the Agency's petition moot.

On October 26, 2015, Paternal Grandmother filed, *pro se*, a notice of appeal.[4] Although Paternal Grandmother did not file a separate statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), her notice of appeal contains alleged errors.[5] Paternal Grandmother essentially challenges the dismissal of her complaint for custody and avers violation of Pa.R.C.P. 1915.4.

As the disposition of this appeal involves a pure question of law, our standard of review is de novo, and our scope of review is plenary. *See In re Wilson*, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*); *Harrell v. Pecynski*, 11 A.3d 1000, 1003 (Pa. Super. 2011).

The trial court reasoned that Paternal Grandmother's complaint for custody was appropriately dismissed pursuant to 23 Pa.C.S. § 5326, due to Child's

---

[4] Paternal Grandmother also filed a separate appeal with regard to the related dependency matter at Superior Court Docket Number 1872 MDA 2015, and which is addressed in a separate memorandum.

[5] We note that Paternal Grandmother's brief does not include a statement of questions involved, for which we could find waiver. *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006). However, Appellees do not raise this concern or request such relief. We, therefore, review the issues raised by Paternal Grandmother.

adoption by Foster Parents. ***See*** Trial Court Opinion, 12/23/15, at 12. The court stated:

> In the case at bar, L.N. was adopted by [Foster Parents] on October 2, 2015. [Foster Parents] are not L.N.'s step-parents, grandparents or great-grandparents. They are a new mother and new father to the Child. Thus, [Paternal] Grandmother's right to seek custody of L.N. under Section 5324 was extinguished as of the date of the adoption, October 2, 2015, pursuant to the express terms of 23 Pa.C.S. § 5326. As a result, this [c]ourt properly dismissed [Paternal] Grandmother's Custody Complaint in an Order dated October 12, 2015.

***Id***. We agree.

> Section 5326 provides:
>
> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) to a grandparent or great-grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent *shall be automatically terminated upon such adoption*.

(emphasis added).

Here, Paternal Grandmother sought custody of Child under 23 Pa.C.S. § 5324. However, Foster Parents thereafter adopted Child. Under the plain and unambiguous language of § 5326, upon Child's adoption on October 2, 2015, any custodial rights conferred on Paternal Grandmother, as well as her standing to seek same, ceased and automatically terminated. ***See*** 15 Summ. Pa. Jur. 2d Family Law § 9:42 (2d ed.). Consequently, the trial court appropriately dismissed Paternal Grandmother's custody complaint.

Further, the trial court suggested that it did not violate Pennsylvania Rule of Civil Procedure 1915.4(a) in handling this custody matter. *See* Trial Court Opinion, 12/23/15, at 10-11. On this topic, the court indicated as follows:

> The parental rights of L.N.'s parents were terminated on September 24, 2014. [Foster Parents] filed a report of intention to adopt on September 24, 2014. [Paternal] Grandmother filed her custody Complaint against [the Agency] on April 30, 2015. The custody conciliation was initially scheduled for June 9, 2015. Therefore, on its face, Rule 1915.4(a) was not violated because the original custody conciliation was scheduled to occur within 45 days of the filing of the custody complaint.
>
> The [c]ourt then continued the conciliation because we found that [Foster Parents] were a necessary party under Pennsylvania Rule of Civil Procedure 1915.4(a).[6] This [c]ourt notes that minds may differ as to the interpretation of case law regarding the rights of pre-adoptive parents in custody actions, particularly where, as here, court-ordered physical custody remained with [the Agency]. Nevertheless, this [c]ourt would still have ordered the continuation of the conciliation to provide notice of the pendency of the action to [Foster Parents] pursuant to Pennsylvania Rule of Civil Procedure 1925.6(b). . . .
>
> Because [Foster Parents] stood to lose actual physical custody of the child in the custody action, this [c]ourt ordered the continuation of the conciliation so that [Foster Parents] could take part in it. By doing so, this [c]ourt hoped that [Foster Parents] and [Paternal] Grandmother would use the conciliation to reach an agreement as to ongoing visitation with the child even if [Foster Parents] were to be granted the right to adopt L.N. Indeed, [Foster Parents] have worked with [Paternal] Grandmother throughout the course of this case, and have evidenced intent to continue to allow [Paternal] Grandmother to be in L.N.'s life into the future. The [c]ourt therefore ordered [Foster Parents] to be joined in the custody action. [Paternal]

---

[6] We believe the trial court meant Pennsylvania Rule of Civil Procedure 1925.6(a).

-5-

Grandmother's claim that Rule 1915.4(a) was violated in the custody matter is without merit.

*Id*. (citations omitted). Again, we agree.

Pennsylvania Rule of Civil Procedure 1915.4 states:

**(a) Initial Contact With the Court.** Depending upon the procedure in the judicial district, the parties' initial in-person contact with the court (including, but not limited to a conference with a conference officer pursuant to Rule 1915.4-2, a conference with a judge, conciliation, mediation and/or class/seminar) shall be scheduled to occur not later than 45 days from the filing of a complaint or petition.

In addition, as to joinder, Pennsylvania Rule of Civil Procedure 1915.6 provides:

(a)(1) If the court learns from the pleadings or any other source that a parent whose parental rights have not been previously terminated or a person who has physical custody of the child is not a party to the action, it shall order that the person be joined as a party. Such person shall be served with a copy of all prior pleadings and notice of the joinder substantially in the form prescribed by Rule 1915.16(a).

(2) The person joined must file any objection to the order of joinder within twenty days after notice of the order.

(3) The person joined may file a counterclaim asserting a right to physical or legal custody in the form required for a complaint by Rule 1915.3. A copy of the counterclaim shall be served upon all other parties to the action as provided by Rule 440.

(b) If the court learns from the pleadings or any other source that any other person who claims to have custodial rights with respect to the child is not a party to the action, it shall order that notice be given to that person of the pendency of the action and of the right to intervene therein. The notice shall be substantially in the form prescribed by Rule 1915.16(b).

Here, while the trial court cancelled the initial custody conciliation, it had in fact been scheduled to occur within forty-five days of Paternal

Grandmother's filing. Moreover, this conciliation was only rescheduled due to the failure to include Foster Parents as a party in the custody action and/or notify Foster Parents.

Accordingly, for the foregoing reasons, we affirm the order of the trial court dismissing Paternal Grandmother's custody complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016