J-A04027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| G.M.I. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.M.I. | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2017 |

Appeal from the Order Entered August 14, 2017
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s): 2014-01474

BEFORE: STABILE, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 18, 2018**

Appellant A.M.I. (Mother) appeals from the final custody order, which awarded G.M.I. (Father) primary physical custody and Mother partial physical custody of the parties' minor son, J.L.I., who was born in March of 2011 (Child). The trial court also awarded the parties shared legal custody. Mother claims that she is entitled to relief because the trial court failed to (1) decide her petition to modify custody promptly, (2) make required findings under 23 Pa.C.S. § 5328(a), and (3) consider adequately her evidence that she was more proactive in scheduling Child's medical appointments and that Father interfered with her ability to parent Child. We affirm.

The parties are the biological parents of Child. Mother and Father were married, but separated in November 2014 after Father filed a complaint for

---

* Retired Senior Judge assigned to the Superior Court.

divorce. In his divorce complaint, Father included a request for custody. The trial court scheduled a custody conference on December 15, 2014, after which the court entered an interim custody order based upon the stipulations of the parties. On March 2, 2015, the parties entered into a final custody agreement, which the trial court adopted in a memorandum of understanding. On June 3, 2015, the parties modified their consent agreement, although the trial court did not enter an updated order of court.

On July 17, 2015, Father filed a petition to modify custody. The trial court held a hearing on Father's petition on September 29, 2015. On October 5, 2015, the trial court entered an order of court awarding the parties shared legal custody of Child. Father was awarded primary physical custody and Mother partial physical custody.

On June 20, 2016, Mother filed the instant petition to modify the October 5, 2015 custody arrangement. The parties appeared for a custody conference on August 22, 2016, during which the trial court, after taking limited testimony, granted Mother's request that Child attend her choice of school in the Huntingdon Area School District. A hearing on Mother's petition to modify custody was held on December 9, 2016, and March 28, 2017. At the hearing, Mother testified on her own behalf. Father also testified on his own behalf and also called Mother's same-sex partner, S.S.

On August 14, 2017, the trial court awarded Father primary physical custody of Child and awarded Mother partial physical custody. The parties

were ordered to share legal custody of Child. The agreement also detailed a custody schedule for Child's summer vacation and holidays.

In its opinion accompanying the order, the trial court assessed each of the factors enumerated in 23 Pa.C.S. § 5328(a). The court found that the majority of the factors were either inapplicable to this case, or did not weigh in favor of either parent. Trial Ct. Op., 8/14/17, at 2-4 (unpaginated). However, the court found that section 5328(a)(4), (5), (10) and (15) weighed in favor of Father. The court placed particular emphasis on section 5328(a)(4), finding that Father is more likely than Mother to provide Child with stability. Specifically, the court concluded:

> Father has a stable job and has family support in the Huntingdon area. Mother's housing situation at the current time is stable, however, there seems to be some question as to how she will financially be able to maintain her housing based on her lack of income. The [c]ourt also questions Mother's stability considering her depression issues and the mental health issues of her partner.
> . . .

*Id.* at 3.

Mother filed a timely notice of appeal and concise statement of errors complained of on appeal on September 12, 2017.[1]

Mother raises the following issues for our review, which we have reordered for this decision:

---

[1] Prior to filing her notice of appeal, Mother filed a motion for reconsideration, requesting that the trial court reconsider the evidence presented at trial and grant her shared legal and physical custody of Child. The trial court declined to rule on Mother's motion for reconsideration due to Mother filing her notice of appeal. Trial Ct. Op., 9/26/17, at 2 n.1

1. Whether the [t]rial [c]ourt violated the Rules of Court by failing to adhere to Pa.R.[C.]P. 1915.4(c) and (d)[?]

2. Did the [t]rial [c]ourt ma[k]e an error of law by failing to make a finding on the factor set forth by the custody statute 23 Pa.[C.S.] § 5328[(a)](1)[?]

3. Did the [t]rial [c]ourt abuse[ ] its discretion by failing to consider credible testimony and documentary evidence about [Father's] behavior which is undermining and interfering with [Mother's] parenting of the child[?]

Mother's Brief at 11.

In her first issue on appeal, Mother argues that the trial court erred by failing to comply with the prompt disposition rules set forth in Pa.R.C.P. 1915.4(c) and (d). Mother notes that 420 days passed between the time she filed her petition to modify custody and the trial court's decision. *Id.* at 33. She states that she "point[s] out this violation and do[es] so only because it caused a detriment to Mother and [C]hild and does not comport with the intent behind the creation of the rules." *Id.* at 59.

Mother's issue involves a pure question of law. Therefore, "our standard of review is *de novo*, and our scope of review is plenary." ***Harrell v. Pecynski***, 11 A.3d 1000, 1003 (Pa. Super. 2011) (citations omitted).

Rule 1915.4, in relevant part, provides:

**Rule 1915.4. Prompt Disposition of Custody Cases**

\* \* \*

**(b) Listing Trials Before the Court.** Depending upon the procedure in the judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order

- 4 -

scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision. If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court **shall**, sua sponte or on motion of a party, **dismiss the matter** unless a party has been granted an extension for good cause shown, or the court finds that dismissal is not in the best interests of the child. . . .

**(c) Trial.** Trials before a judge shall commence within 90 days of the date the scheduling order is entered.  Trials and hearings shall be scheduled to be heard on consecutive days whenever possible but, if not on consecutive days, then the trial or hearing shall be concluded not later than 45 days from commencement.

**(d) Prompt Decisions.** The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension.  In no event shall an extension delay the entry of the court's decision more than 45 days after the conclusion of trial.

Pa.R.C.P. 1915.4(b)-(d) (emphasis added). The Explanatory Comment to Rule

1915.4 states:

A new rule requiring prompt custody trials was recommended by a special committee established by the Pennsylvania Superior Court. That committee concluded that the interests of children who are the subjects of custody litigation would best be served by a requirement that the litigation be concluded within specific time frames.

Pa.R.C.P. 1915.4 cmt.

Notably, Rule 1915.4(b) permits a court to dismiss a matter if it is not

listed for trial in a timely fashion.  *See* Pa.R.C.P. 1915.4(b).  However,

subdivisions (c) and (d) do not provide for the dismissal of a matter for failures

to commence trial or render a decision in a prompt manner.  *See* Pa.R.C.P.

1915.4(c)-(d).

- 5 -

Instantly, Mother filed her petition to modify custody on June 20, 2016. On June 21, 2016, the trial court ordered the parties to appear for a custody conference on August 22, 2016. At the custody conference, the parties were unable to reach an agreement as to custody. Accordingly, on August 23, 2016, the trial court entered an order scheduling a hearing on Mother's petition for December 9, 2016. At the end of the hearing, it became apparent that an additional day of testimony would be necessary. After noting that the hearing would not resume until March 2017, the trial court stated on the record, "[i]t is very unlikely that I would have changed custody during the school year anyways. It is my policy that I don't. So a hearing in March [2017] really isn't going to change anything." N.T., 12/9/16, at 102.

After the custody trial concluded on March 28, 2017, on May 12, 2017, the trial court issued an order requesting that the parties file proposed findings of fact and conclusions of law within thirty days. On May 18, 2017, counsel for Father filed a motion for extension of time to file his memorandum. The trial court granted Father's motion and ordered that the findings of fact and conclusions of law be filed by June 19, 2017. Thereafter, on August 14, 2017, the trial court issued its order and opinion awarding Father primary physical custody of Child.

Although the trial court did not conduct trial or issue its decision consistent with Rule 1915.4(c) and (d), dismissal of the matter was not required. Mother failed to request a more timely trial date or decision and did not object to the delays. Moreover, Mother did not assert any prejudice by

the delay, nor does the record suggest that any occurred. Thus, it appears Mother is only raising this issue now, after the trial court entered its final custody order awarding Father primary physical custody and based on her disagreement with the trial court's rulings. As such, we discern no basis to conclude that Mother is entitled to relief under Rule 1915.4(c) or (d). Accordingly, Mother's first issue fails.[2]

Mother's final two issues challenge the trial court's findings under 23 Pa.C.S. § 5328(a).[3]

Our scope and standard of review of a custody order are as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

_____

[2] Although Mother's issue does not warrant her relief in this case, we caution the trial court to comply with the relevant rules for prompt disposition of decisions in custody cases.

[3] We note that despite Mother listing three issues on appeal, the argument section of her brief consists of only two subheadings, in violation of Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued . . . ."). Because we do not find Mother's defect to be substantial, however, we will address the merits of her claims.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citation omitted).

The primary concern in any custody case is the best interests of the child. "The best interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted)). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

> **(a) Factors.—**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
>
> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

This Court has stated that trial courts are required to consider "**[a]ll** of the factors listed in section 5328(a) . . . when entering a custody order." ***J.R.M. v. J.E.A.,*** 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original).

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written

opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, . . . 70 A.3d 808 ([Pa.] 2013).

*A.V. v. S.T.*, 87 A.3d 818, 823 (Pa. Super. 2014).

However,

The Custody Act requires only that the trial court articulate the reasons for its custody decision in open court or in a written opinion or order taking into consideration the enumerated factors. 23 Pa.C.S.A. §§ 5323(d), 5328(a). . . . [T]here is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations.

*M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa. Super. 2013). A court's explanation of reasons for its decision, which adequately address the relevant factors, complies with section 5323(d). *Id.*

Mother initially argues that the trial court erred in its analysis of section 5328(a)(1) when it concluded that both parents have "the ability to" encourage and permit frequent contact. Specifically, Mother argues that the trial court finding was flawed because the court "did not find whether a party actually does or does not encourage and permit contact, despite ample testimony on this." Mother's Brief at 38.

In the opinion accompanying its order, the trial court conducted a more than sufficient analysis of section 5328(a)(1), stating:

**(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.**

- 10 -

> The parties have extremely different parenting styles. We are, however, of the opinion that both parents have the ability to encourage and permit frequent contact between the child and the other party. Especially encouraging is that paternal grandmother is utilized to the fullest extent possible to enhance communication between the parties. Although Mother raises perceived past issues to attempt to sway the [c]ourt regarding this factor, we find that the past issues stem from heightened sensibilities between the parties early in the conflict. Despite the vastly different parenting styles, both parents work together to ensure that the child will be raised by both parents. This factor does not favor either party.

Trial Ct. Op., 8/14/17, at 2.

Based on those observations, the trial court concluded that it was in the best interests of Child to reside primarily with Father. As the trial court's findings and determinations regarding the custody factors set forth in section 5328(a)(1) are supported by competent evidence in the record, we will not disturb them. *See **C.R.F. v. S.E.F.***, 45 A.3d 441, 443 (Pa. Super. 2012) (stating that we are bound by the trial court's deductions and/or inferences if the trial court's findings are supported by competent evidence of record).

Mother also asserts that the trial court failed to consider credible testimony and evidence in considering section 5328(a)(3), (4), (8)-(10), and (13).[4] Essentially, Mother contends that the trial court should have afforded

---

[4] In her Rule 1925(b) statement and in the questions presented section of her brief, Mother does not specifically challenge the trial court's determinations as to any section other than section 5328(a)(1). Rather, Mother frames her issue as a general challenge to the trial court's weight and credibility determinations. Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling of error that the

additional weight to the fact that she has been more proactive in scheduling doctor's appointments for Child after Child fainted at an arcade. Mother's Brief at 40-42. Mother also contends that the trial court relied too heavily on Father's relatively better financial situation when favoring Father as a source of stability for Child. *Id.* at 42-44.

Mother further emphasizes that there is "ample evidence of Father's inability and downright refusal to support [C]hild's emotional wellbeing, Father's attitudes towards Mother and her paramour, and his rigidity towards gender conformity." *Id.* at 50. In support, Mother references several incidents. First, Father did not permit child to attend the civil ceremony for Mother and her paramour, S.S. during his custodial time. Mother emphasizes that Father provided inconsistent explanations for doing so, until he was confronted with his text message to Mother that read: "I prayed on it. The answer is no. You can celebrate your event with him on the days you have him." *Id.* at 46 (quoting N.T., 3/28/17, at 38). Second, Mother asserts that Father refused to distribute invitations to Child's birthday party because they

_____

appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). In the interest of justice, however, we decline to find Mother's issues waived and will review the merits of her claims. *See generally* Pa.R.A.P. 1925(b)(4)(v) ("Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court").

had "girl-influences."[5]  *Id.*  at 47.  Third, Mother states that Father accused her of dressing Child in "girl-clothes" and refers to Father's angry reaction to Mother and S.S.'s purchase of a pink "Pinkie Pie"[6] sweatshirt for Child, which, S.S. testified, Child saw and liked.[7]  *Id.*  Mother also notes that Father explained:

> My opinion is nothing should be forced on a child.  If [Child] is interested in something, he is.  If he's not, he is not.  My concern with that issue in general was she was forcing it, influencing him at that time, which was over a year ago.  I do not believe it's of that severity as of now.  I am just keeping an eye on it more or less.

*Id.* at 48 (citing N.T., 3/28/17, at 63).  Mother, in turn, concludes that Father is attempting to impose his views on Child and turning Child against her.  *Id.* at 50.

Again, Mother is requesting this Court to disturb the trial court's weight determinations with regard to these issues.  As the trial court, noted Mother and Father have "extremely different" parenting styles.  Trial Ct. Op., 8/14/17, at 1.  Although Mother was more active in seeking a doctor's appointment after Child fainted, there was no indication that Child's health or welfare were

---

[5] The invitations bore characters from "Monster High."  We note that Mother also alleged that Father accused her of trying to turn Child into the "gayest boy ever."  Mother's Brief at 47.  However, the citation for this quote is to Mother's own petition to modify custody.

[6] "Pinkie Pie" is a "My Little Pony" character.  N.T., 3/28/17, at 25.

[7] The trial court, however, found S.S. not credible.  Trial Ct. Op., 8/14/17, at 2.

put at risk. Additionally, it is apparent that the trial court did not find in favor of Father in terms of stability based solely on economic factors. **See** Trial Ct. Op., 8/14/17, at 3 (discussing non-economic factors bearing on the trial court's determination). Lastly, although the specific incidents raised by Mother portray Father's traditional views regarding gender issues, the record contained conflicts in the evidence on whether Father's views have impacted the Child's best interests or whether Father has attempted to turn Child against Mother.

This Court's role does not include making independent factual determinations, and, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge, who viewed and assessed the witnesses first-hand. **See V.B.**, 55 A.3d at 1197. Here, we find that the trial court's conclusions are not unreasonable as shown by the evidence of record, and we find no error of law on the part of the trial court. Thus, we will not disturb the trial court's determinations as to the factors set forth in section 5328(a)(3), (4), (8)-(10), and (13). **See C.R.F.**, 45 A.3d at 443.

Based on the foregoing, we conclude that the trial court did not abuse its discretion by awarding primary physical custody of Child to Father and partial physical custody of Child to Mother.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/18/18</u>