J-S33032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW D. PESHEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IVONA D. PERCEC | : | No. 1088 EDA 2021 |

Appeal from the Order Entered May 12, 2021
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  0C1601311

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 8, 2021**

Andrew Peshek ("Father") appeals from the May 12, 2021 order granting Ivona Percec ("Mother") primary physical custody of minor daughter ("Daughter") during the school year. Father challenges the jurisdiction of the trial court. We affirm.

This Court formerly set forth the background and procedural history of the original custody matter between Father and Mother as follows:

> The parties are a formerly married couple who are both medical doctors. They are the parents of two children, [ ("Son")], born November ... 2005, and [Daughter], born December ... 2007. A final order entered on February 1, 2018, awarded shared legal custody, primary physical custody of both children to []Mother during the school year, partial physical custody to Father during the school year, and during the summer 50/50 shared physical custody, taking into account the children's camp schedules and summer activities.
>
> Two months later the parties were again in litigation. Father filed an emergency petition on April 6, 2018, a petition to modify on April 12, 2018, a petition for contempt and a petition for expedited

relief on April 30, 2018. Mother filed a petition to modify and a petition for emergency relief on June 7, 2018. A temporary order was entered on June 15, 2018, delineating a schedule for the summer of 2018 and reverting to the physical custody schedule set forth in the order of February 1, 2018 as of September 4, 2018.

On December 20, 2018, the court entered a temporary order modifying the February 1, 2018 order, awarding shared physical custody and continuing the case for a semi-protracted hearing. Several intervening petitions were filed by each party. An order was entered on April 12, 2019, addressing the summer 2019 schedule, and an order was entered on May 30, 2019, for the children to receive treatment with an identified therapist. Father filed a petition for contempt on November 12, 2019. Ultimately, the matter was scheduled for a protracted hearing on October 19, 2020.

Father filed a petition for contempt on August 24, 2020, and a petition for an emergency hearing on September 14, 2020. By order dated September 22, 2020, counsel for the parties agreed that the emergency petition would be consolidated with the pending petitions scheduled for hearing on October 19, 2020. Additionally, Father filed a petition for special relief seeking the appointment of a parenting coordinator on October 8, 2020.

The court conducted a virtual trial on October 19, 2020, and November 12, 2020, in accordance with judicial protocols established as a result of the COVID-19 pandemic. On November 12, 2020, Father withdrew the petition for contempt filed on April 30, 2018, and the court held under advisement Father's petition to modify filed on April 12, 2018, and his petition for special relief seeking the appointment of a parenting coordinator filed on October 8, 2020. These petitions subsumed all of the issues contained in the other then-outstanding petitions.

*Peshek v. Percec*, 134 EDA 2021 at 1-3 (Pa.Super. filed August 13, 2021)

(unpublished memorandum) *citing* Trial Court Opinion, 1/21/2021, at 1-3

(footnote omitted).

On December 3, 2020, the trial court issued an order providing Mother

and Father shared legal custody of both children. It gave Mother primary

physical custody of Son during the school year, with Father exercising partial physical custody to be exercised on alternating weekends and alternating weeks during the summer. The court ordered the parties to share equal physical custody of Daughter with an alternating week schedule to be exercised year round. Father filed a timely direct appeal in which he asked this Court to consider the following issues:

> 1. Did the Trial Court err and/or abuse its discretion in failing to consider evidence of Mother's campaign to alienate the children from Father when granting her primary physical custody of [Son] throughout the school year?
>
> 2. Did the Trial Court err and/or abuse its discretion by failing to consider the context in which [Son's] *in camera* interview was given when weighing such evidence for a custody determination?
>
> 3. Did the Trial Court err and/or abuse its discretion by failing to grant [Father's] petition for special relief to appoint a parenting coordinator, given the chronic high conflict nature of the case?
>
> 4. Did the Trial Court err and/or abuse its discretion by failing to sanction Mother for her numerous violations of the previous Custody Order?

*Id.* at 3.

This Court concluded that Father's issues warranted no relief and on August 13, 2021, affirmed the trial court's custody order. *See id.* In the interim, on January 28, 2021, Mother filed a petition to modify custody seeking primary physical custody of Daughter. Father filed preliminary objections averring that the trial court did not have jurisdiction to consider Mother's petition to modify the December 2020 custody order because his appeal of that order remained pending before this Court.

Following a hearing, the trial court concluded that it had jurisdiction to entertain Mother's petition. It pointed out that Mother's modification petition concerned Daughter only, and the pending appeal, insofar as it related to custody, dealt with Son. The court thus found that the subject matter of Father's appeal to this Court did not overlap and thus denied Father's preliminary objections. Father did not present any further evidence to oppose Mother's petition to modify Daughter's primary physical custody. Hence, the trial court granted Mother's modification petition via an order entered on May 12, 2021. Father filed the instant timely appeal and both the trial court and Father complied with Pa.R.A.P. 1925.

Father raises the following issues:

1. Whether the trial court erred and/or abused its discretion by not properly considering that pursuant to Pa.R.A.P. 341, when a trial court enters a final order that disposes of all claims and all parties-whether upon post-trial motions, preliminary objections, judgments on the pleadings or summary judgment-a trial court had been divested of jurisdiction to resolve any matters on that docket except (a) ministerial corrections or (b) matters necessary to give effect to the already-entered orders, e.g. contempt.

2. Whether the trial court erred and/or abused its discretion as this Honorable Court does not have jurisdiction pursuant to Pa.R.C.P. 1028(a)(1), and as such, [Mother's] Petition to Modify Custody should have been dismissed.

Father's Br. at 5.

In both of his issues, Father argues that the trial court did not have jurisdiction to consider Mother's petition to modify custody due to his then-pending appeal of the trial court's prior December 2020 custody order. We will

- 4 -

address both of Father's issues in tandem. Father contends that the trial court's December 2020 order constituted a final order pursuant to Pa.R.A.P. 341(b)(1) (a final order "disposes of all claims and of all parties"). Thus, he maintains that his pending appeal of that order to this Court divested the trial court of jurisdiction to rule on Mother's petition to modify custody under Pa.R.A.P. 1701. As such, Father avers that the trial court erred by failing to grant his preliminary objection, filed pursuant to Pa.R.C.P. 1028(a)(1)("preliminary objections may be filed by any party…[for] lack of jurisdiction"), challenging the court's jurisdiction.

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." **Barak v. Karolizki**, 196 A.3d 208, 215 (Pa.Super. 2018) (citation omitted). **See Gilbert v. Synagro Cent., LLC**, 131 A.3d 1, 10 (Pa. 2015); **Harrell v. Pecynski**, 11 A.3d 1000, 1003 (Pa.Super. 2011); **In re Wilson**, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*) (citations omitted).

After a litigant files an appeal to this Court, a trial court generally loses jurisdiction to proceed further in the case. Pa.R.A.P. 1701(a); **see also In re J.A.**, 107 A.3d 799, 809 (Pa.Super. 2015). Rule 1701(c), however, provides that "[w]here only a particular item, claim or assessment adjudged in the matter is involved in the appeal," the trial court may not proceed further "with only such item, claim or assessment," unless the trial court or this Court orders otherwise. Pa.R.A.P. 1701(c); **see also In re J.A.**, 107 A.3d at 809.

In this case, neither the parties nor the trial court dispute that the December 2021 custody order constituted a final order pursuant to Rule 341. Therefore, Father's appeal generally would have precluded the trial court's consideration of Mother's petition to modify custody under Pa.R.A.P. 1701(a). However, the trial court properly cited Pa.R.A.P. 1701(c) for the proposition that proceedings should only be stayed pending appeal when the same claims are at issue in both the appellate and trial court proceedings. *See In re J.A.*, 107 A.3d at 809. Here, Father's appeal of the December 2021 custody order concerned issues regarding Mother's primary custody of Son, Mother's conduct during the litigation, and the trial court's decision to decline to appoint a parenting coordinator. In contrast, Mother's petition solely concerned physical custody of Daughter. Hence, the court concluded that Father's issues on appeal to this Court were not relevant or at issue regarding Mother's petition to modify custody of Daughter. We agree.

The trial court thus did not error by determining that Rule 1701 did not preclude the court's review of Mother's modification petition, as that petition did not pertain to the same "item, claim or assessment" as at issue in Father's appeal of the December 2021 custody order. *See* Pa.R.A.P. 1701(c). Therefore, the trial court properly rejected Father's jurisdictional claim. Accordingly, we affirm the trial court's order granting Mother's petition to modify custody.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/08/2021</u>