Eric DIETRICH, Appellee

v.

Melissa DIETRICH, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 12, 2007.

Filed April 20, 2007.

Melissa Dietrich, appellant, pro se.

Jacqueline R. Mark, Wyomissing, for appellee.

BEFORE: HUDOCK, LALLY-GREEN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Melissa Dietrich (Mother) files this *pro se* appeal from the order of the Berks County Court of Common Pleas, granting Eric Dietrich (Father) primary physical custody of their three minor children and Father's petition for exclusive possession of the marital residence. The question in this matter is whether Father's custody petition should have been dismissed where trial was not scheduled within 180 days of the filing of the complaint as mandated by Pennsylvania Rule of Civil Procedure 1915.4(b), local rules did not provide for automatic scheduling of trial, and neither party requested a trial or extension within the 180-day period. We vacate and remand.

¶ 2 The trial court summarizes the facts of the case as follows:

On or about July 15, 2006, [Mother] left the marital residence and took the three minor children with her to Canada, to be with a man with whom she had been corresponding over the internet for several months. [Father] filed a Peti-

tion for Emergency Injunctive Relief on July 19, 200[5] and on the same day this Court granted [Father] sole temporary legal and physical custody of the children. [Father filed a complaint in divorce and custody on August 3, 2005]. A hearing was scheduled for August 12, 2005 at which time this Court ordered that [Mother] share joint legal custody with [Father] and have unsupervised visitation with the children. On September 21, 2005, after [a] hearing [was] held, the Order of August 12, 2005, giving temporary physical custody to [Father] was vacated and [Mother] was given temporary physical custody of the children and exclusive possession of the marital residence. [Father] was granted visitation with the children every weekend. The case was referred to a Special Master who held conciliation conferences on October 5, 2005 and February 10, 2006. After numerous contempt petitions by both parties and two demands for immediate dismissal of the case by [Mother], this Court held a trial on August 9, 2006. This Court held the record open until the Court-appointed evaluator submitted her evaluation, and on September 27, 2006, issued its ruling. [Mother] has filed an appeal to the Superior Court of Pennsylvania regarding this Court's Order of September 27, 2006, awarding [Father] primary physical custody of the parties' three minor children, and granting [Father's] Petition for Exclusive Possession of the Marital Residence.

\* \* \*

This case is somewhat unusual, in that [Mother] chose not to present any witnesses or conduct any cross-examination, informing this Court that she was present "under protest" due to the "numerous violations of Pennsylvania Rules of Civil Procedure that have occurred in this case and demonstrated bias towards [Mother]." [Mother] further refused to participate in the Court-ordered custody evaluation with the evaluator she herself chose at an earlier proceeding, despite encouragement by this Court to do so. Consequently, the only testimony presented on August 9, 2006 was that of [Father] and the *in camera* testimony of the three minor children. No physical evidence was submitted by either party on August 9, 2006. A report was received by Deidre J. Young, M.C.A.T. on September 14, 2006 after her evaluation of [Mother] and made a part of the record pursuant to [Mother's] indication at the custody trial on August 9, 2006 that she did not want to cross-examine Ms. Young.

(Trial Court Opinion, filed Nov. 6, 2006, at 1–3) (citation omitted). Further, we note that Mother was originally represented by counsel, but has proceeded *pro se* since November of 2005.

¶ 3 Mother raises four issues on appeal:

1. Did the trial court abuse its discretion in violating and/or misapplying numerous Pennsylvania Rules of Civil Procedure, Pennsylvania Consolidated Statutes, and local rules that prejudiced this case—a case that under Pennsylvania law should have been dismissed?

2. Did the trial court fail to establish a complete record and analyze that record prior to making a determination of [the children's] best interests, ignoring important issues such as domestic violence and issues affecting the welfare of the minor children?

3. Did the trial court commit an abuse of discretion in accepting and utilizing a custody evaluation—applying significant weight to it—that did not

meet the *Frye*[1] *Standard* and without ever swearing in or receiving testimony from the evaluator as prescribed by established Pennsylvania practice?

4. Did the trial court abuse its discretion in demonstrating bias towards [Mother] at the expense of and detriment to the minor children by repeatedly delaying and/or selectively ignoring evidence favorable to [Mother] and that which was unfavorable to [Father]?

(Mother's Brief at 10).

 ¶ 4 Initially, we must determine whether Mother has preserved these issues for our review. When an appellant files a Pa.R.A.P.1925(b) statement, any issues not raised in that statement are waived on appeal. *See Kelley v. Mueller*, 912 A.2d 202, 204 (Pa.2006) (citing *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998); *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002); *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005)). Instantly, Mother's Pa.R.A.P.1925(b) statement reads in its entirety:

And now this 25th day of October 2006, the Defendant in the above captioned case submits a statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925.

The issues to be raised on appeal are the numerous and gross violations of Pennsylvania Rules of Civil Procedure committed by the Berks County Court of Common Pleas. [Mother] avers that, under Pennsylvania Rule of Civil Procedure 1915.4, the *Dietrich v. Dietrich* custody case should have been dismissed long before the illegitimate trial conducted on 9 August 2006. The case is replete with additional violations of civil procedural rules, such as failure to obtain recorded testimony after two custody conferences in October 2005 and February 2006. The record is incomplete and does not give appropriate weight to considerations such as [Father's] physical and psychological abuse of [Mother], which was witnessed by the three minor children, the children's preference, [Mother's] consistent role as primary caretaker of the three minor children for their entire lives, or the detrimental conduct of [Father] and his proxies towards the minor children since the commencement of the action. Additionally, the judge attempted to conduct an "instant" trial on 14 July 2006 without any information provided to [Mother] regarding witnesses or issues to be heard.

In addition to the many violations that occurred in this case prior to the 9 August 2006 trial date, the judge subsequently accepted a custody evaluation report that was invalid under Pennsylvania Rules of Civil Procedure. The custody evaluation order in the *Dietrich v. Dietrich* custody case expired, yet [Mother] was punished for not having participated months after the order expired. Moreover, the named custody evaluator, Deidre J. Young, maliciously and illegitimately attempted to diagnose [Mother] even though [Mother] has never even met the evaluator, much let alone [sic] been evaluated by her. The resulting order from the trial and said evaluation report demonstrates a gross abuse of discretion at the direct expense of the three minor children who have flourished in [Mother's] care since September 2005.

[Mother] intends to specify the individual rule violations and invalid acts committed throughout this case in order

---

1. 293 F. 1013 (D.C.Cir.1923).

to demonstrate that the 27 September 2006 order is unjust and demonstrative of manifestly gross abuse of judicial power.

(Mother's Statement of Matters Complained of on Appeal, at 1–2).

¶ 5 It is clear that Mother did not raise any claims regarding the "Frye Standard" or court bias in her Pa.R.A.P.1925(b) statement. Accordingly, her third and fourth claims are waived. *See Kelley, supra.*

■ ¶ 6 We therefore address her first claim, which she has properly preserved in her Pa.R.A.P.1925(b) statement. Mother quotes Pa.R.C.P.1915.4(b) for the proposition that the trial court was required to dismiss the matter because trial was not scheduled within 180 days of the filing of the complaint. She asserts that the trial court's rationale, that judicial economy, based on the Explanatory Comment to Rule 1915.4, required the denial of her motion to dismiss, has no support in the Pennsylvania Rules of Civil Procedure. We are constrained to agree.

¶ 7 "The [R]ules [of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. However,

> our objective when construing a rule of civil procedure is to ascertain and effectuate the intent of our Supreme Court. *See* Pa.R.C[ ].P. 127(a). In so doing, we begin with a presumption that the Supreme Court did not intend language to exist as mere surplusage; therefore, "every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C[ ].P. 127(b).

*Searles v. Estrada,* 856 A.2d 85, 90 (Pa.Super.2004), *appeal denied,* 582 Pa. 701, 871 A.2d 192 (2005). "A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule." Pa.R.C.P. 129(e).

¶ 8 Rule 1915.4(b) provides:

**Rule 1915.4. Prompt Disposition of Custody Cases**

\* \* \*

**(b) Listing Trials Before the Court.** Depending upon the procedure in the judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision. If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court shall dismiss the matter unless the moving party has been granted an extension for good cause shown, which extension shall not exceed 60 days beyond the 180 day limit.

Pa.R.C.P. 1915.4(b).

¶ 9 In denying Mother's motion to dismiss, the trial court relied on the Explanatory Comment to Rule 1915.4, which states:

> A new rule requiring prompt custody trials was recommended by a special committee established by the Pennsylvania Superior Court. That committee concluded that the interests of children who are the subjects of custody litigation would be best served by a requirement that the litigation be concluded within specific time frames.

Pa.R.C.P. 1915.4, Explanatory Comment—2000. The trial court explained:

While this Court agrees that neither party filed a praecipe, motion or request for trial within 180 days of the filing of the Complaint, and this Court did not automatically schedule a trial within 180 days of the commencement of the custody proceedings ... [a]lthough there exists a lack of Superior Court cases addressing this rule, this Court believes that this rule was enacted to allow a Court to dismiss a custody complaint when one or more parties to the action is being recalcitrant and the case has become stagnant.

(Trial Court Opinion, at 4).

¶ 10 As the trial court notes, this Court has not addressed the impact of Rule 1915.4(b) on custody cases. Therefore, we must identify the Supreme Court's intent in enacting this rule by first determining if "the words of [the] rule are clear and free from all ambiguity." *See Searles, supra.*

¶ 11 The trial court's admission that it did not follow Rule 1915.4(b)'s procedure and relied only on the Explanatory Comment to the rule evidences the lack of ambiguity in the rule's language. We look to the Explanatory Comment only when the rule's language is ambiguous, as the comment itself is not a part of the rule. *See* Pa.R.C.P. 129(e); *Searles, supra.* Rule 1915.4(b) provides two specific procedures for listing custody trials, either of which must occur within 180 days of the date the custody complaint was filed: (1) an automatic court order scheduling a trial before a judge; or (2) either party's filing a praecipe, motion or request for trial. Pa.R.C.P.1915.4(b). The rule provides for only one exception to the 180–day time limit, that is, a 60–day extension on a showing of good cause. *See id.* If neither of the stated procedures is followed, and no extension is filed or granted, "the court shall dismiss the matter." *Id.* (emphasis added). Our Supreme Court's use of

"shall" eliminates any ambiguity in how to proceed once the 180–day period has expired.

¶ 12 Indeed, the language of the rule dictates that dismissal must be automatic, thus making it unnecessary for a party to petition for dismissal. Such automatic dismissal is similar to a prothonotary's duty to enter judgment upon the expiration of the 120–day period following the filing of post-trial motions. *Compare* Pa.R.C.P. 227.4(1)(b) ("[T]he prothonotary **shall** ... enter judgment ... if ... the court does not enter an order disposing of all motions within one hundred twenty days after the filing ....") (emphasis added), *with* Pa. R.C.P.1915.4(b) ("[T]he court **shall** dismiss the matter unless the moving party has been granted an extension for good cause shown ....") (emphasis added).

¶ 13 Instantly, Father filed a petition for custody on August 3, 2005. Therefore, on or before January 26, 2006, either the trial court was required to enter a schedule order, or Father was required to request a trial or extension. *See* Pa.R.C.P.1915.4(b). Further, even if the trial court granted an extension, which it did not, the 60–day extension period would have expired on March 31, 2006. Father did not request a trial until May 26, 2006, and a scheduling order was not entered until May 30, 2006. Although Rule 1915.4(b) provides that local court rules may dictate the scheduling of trials in custody cases, the trial court cites no pertinent local rule, nor can we find any, in support of its order denying Mother's motion to dismiss. Thus, having found no ambiguity in Rule 1915.4(b)'s language, we must conclude that the trial court erred by applying Rule 1915.4(b)'s Explanatory Comment to the procedural context of the case. The complaint should have been dismissed, as required by Rule 1915.4(b); consequently, the custody order of September 27, 2006 is a nullity. *See Pentarek v. Christy,* 854 A.2d 970, 973–74

(Pa.Super.2004) (considering order to be legal nullity because it was entered after 120–day period for addressing post-trial motions expired), *vacated on other grounds*, 583 Pa. 64, 874 A.2d 1160 (2005). Accordingly, on remand the complaint must be dismissed.[2] As a result of our disposition, we need not address Mother's remaining, preserved claim regarding the children's best interests.[3]

¶ 14 Although we grant relief to Mother and vacate the trial court's order, we are nonetheless compelled to address Mother's actions in seeking relief. At the beginning of the August 9, 2006 hearing, Mother stated, "I am here today under protest, as I do not believe these proceedings have any legitimacy under the Pennsylvania Rules of Civil Procedure. I am present under protest and therefore I will not participate in these proceedings. I will accept nothing less than a complete dismissal...." (N.T., 8/9/06, at 1). By refusing to participate in the trial, Mother severely jeopardized the viability of the issues she raised on appeal. No matter how certain a party is that procedural errors have occurred, such a belief does not justify abstention from future proceedings. The allegedly aggrieved party may not refuse to participate in further proceedings in the hope that the merits of his or her case will be heard by the appellate court; the party would have no recourse if an appellate court determines that no reversible error occurred. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In fact, we would note that

many of the arguments Mother raises in her second issue, particularly in regard to her allegations of Father's violent history, would potentially be waived because she refused to participate in the cross-examination of Father. We advise Mother in future proceedings to participate as if no errors have been made, then raise any claims of procedural error at the proper time and in the proper manner.

¶ 15 Accordingly, the trial court's order of September 27, 2006 is vacated. On remand, the trial court is instructed to restore the immediately-preceding custody order, including all limitations placed on both parties. Either party may then file a petition to modify custody pursuant to Chapter 23 of the Pennsylvania Domestic Relations Act[4] and Pa.R.C.P. 1915.4.

¶ 16 Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

**2.** The trial court also reasoned that, because Father could file another custody petition, denying Mother's motion to dismiss was its most efficient option. However, Rule 1915.4(b) clearly states that dismissal was the court's only option under the instant facts.

**3.** In her first claim, Mother also argues that the trial court violated Berks County Rules of

Civil Procedure 1915.29 and 1915.30 by failing to schedule a pre-trial conference. This argument would be waived because Mother failed to raise it specifically in her 1925(b) statement, thus depriving the trial court of an opportunity to address it.

