## Harrell v. Pecynski

*Alan Ziegler,* for plaintiff.
*Denise Sebald,* for defendant.

CAMPBELL, *J.,* December 21, 2009—Plaintiff filed a custody complaint on July 23, 2008. Per Supreme Court of Pennsylvania rule, custody cases are to be disposed

of promptly. Pa.R.C.P. 1915.4; see also, *Dietrich v. Dietrich,* 923 A.2d 461 (Pa. Super. 2007). Thus, the time line to dispose of this case began to run on July 23, 2008 such that the custody case needed to be scheduled within 180 days, by approximately January 20, 2009, and the trial had to commence within 90 days of the scheduling order being entered. Pa. R.C.P. 1915(b) and (c); see also, *Dietrich.*

The Superior Court of Pennsylvania first ruled on the "new" custody rule Pa.R.C.P. 1915(b) in *Dietrich v. Dietrich,* 923 A.2d 461, 465 (Pa. Super. 2007) (holding that to date "this court has not addressed the impact of Rule 1915.4(b) on custody cases.").

In *Dietrich,* a case which rose on appeal out of the Berks County Court of Common Pleas, the Superior Court held that the timing rule is unambiguous leaving no question "how to proceed once the 180-day period has expired"; failure to comply with the rule results in an automatic dismissal. *Id.* at 465. In *Dietrich,* at the trial court level, a series of hearings were held regarding temporary custody; contempt hearings were also held; conciliation conferences were held, and, finally, a custody trial was held. *Id.* at 462. After the trial, the court held the record open for a custody evaluation, and then issued its custody ruling. *Id.*

Mother appealed, alleging among other things, that the custody trial was invalid because it was conducted after 1915.4(b) prescribed that the case should have been dismissed. *Id.* at 463. The trial court explained how it acted in good faith with what it perceived as the intent

of the rule based upon the rule's explanatory comment, but the Superior Court held that the rule mandates an unambiguous "shall" procedure and that the trial court should have dismissed the complaint, and, therefore, the custody order issued was a "nullity." *Id.* at 465. The Superior Court vacated the trial court's order and remanded the custody case for the trial court to vacate the complaint.

Our case is very similar to the *Dietrich* case in all the essential elements. After this case was recently transferred between judges, this court reviewed the file and saw that the case is far past its trial deadline. As noted above, the complaint in this case was filed on July 23, 2008. The 180-day deadline for a trial to be set was January 20, 2009. We are now approximately 320 days beyond the final deadline. The record is replete with petitions for special relief, motions for contempt, answers, responses, counter-claims, continued conferences, re-scheduled evaluations, and promised settlements, but neither a scheduling order nor a request for trial were filed during the required period.

Under *Dietrich,* Pa.R.C.P. 1915.4(b)'s mandate controls, and the only germane issue is whether a scheduling order for a trial on the complaint or a request for a trial on the complaint was filed within 180 days unless the moving party filed for a good cause extension up to 60 days. There was no such good cause extension requested in this case. At this point in time, we are far, far past the deadline for the custody matter to be resolved.

The Superior Court made clear that dismissal is the "only option" under these type of facts. *Id.* at 465. Also,

"the rule dictates that dismissal must be automatic, thus making it unnecessary for a party to petition for dismissal." *Id.* at 465. In our case, there is no doubt that the complaint must be dismissed.

In the *Dietrich* case, after the Superior Court indicated that the complaint should be dismissed, the court ordered that a previous trial order should be placed in effect after the invalid custody order was vacated though why that previous order, which also was entered after the 180-day custody deadline, should be valid, or why the case should not have been closed after the complaint upon which the whole case rested was dismissed is not clear from the opinion. As the facts and reasoning underlying that part of the *Dietrich* case's ruling are unclear, this court is unable to consider how that part of the ruling would or would not apply to this case. It appears that the logical conclusion to dismissing a complaint which initiated a case would be to dismiss everything that rests upon that complaint and close the case. Because the dismissal rule's scope appears clear in our case, there must have been distinguishing facts in the *Dietrich* matter not apparent in the appellate opinion.

In our case, this court is bound by Pa R.C.P. 1915.4(b)'s instruction that "the court shall dismiss the matter . . . ." This court reads "the matter" as meaning the entire custody case in a case such as this one where there is no previous final order based upon a prior complaint in the record. The only custody order entered in this case before the deadline was a temporary order designed to be a very short-term holding arrangement. This court does not believe it would be legally or pragmatically appropriate

to elevate that temporary order as a final custody order[1] nor does this court believe it would be legally correct under the rule to keep this case ("matter") open when the complaint upon which the entire case rests is being dismissed.[2]

In accordance with all of the above, this court enters the following order:

## ORDER

And now, December 21, 2009, in accordance with this court's accompanying opinion, it is ordered that plaintiff's custody complaint is dismissed, all of plaintiff's and defendant's outstanding petitions are dismissed, all court orders in this case are vacated, and this entire custody case is dismissed and closed.

---

1. This court does not believe that it is legally appropriate to elevate a temporary order entered without a trial to final order status, nor is it practical to elevate an order designed to be a short-term holding solution whose pragmatic bases long ago became obsolete, and which order has not been followed by the parties, to final order status.

2. Furthermore, hypothetically, if there had been some way for this custody case to continue then whether the Commonwealth is the most appropriate forum would most likely have come into play as it appears the child has lived primarily in another state for the last year. If a new custody complaint is filed in Pennsylvania both forum and jurisdictional issues might arise.