J-A24002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E.M.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| C.A.F. | : | |
| | : | |
| | : | No. 749 MDA 2018 |

Appeal from the Order Entered April 19, 2018
In the Court of Common Pleas of York County
Civil Division at No(s):  2013-FC-2259-03

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 13, 2018**

Appellant, C.A.F. ("Father"), appeals *pro se* from the order entered on April 19, 2018, in the Court of Common Pleas of York County ("trial court"), "relinquishing venue of this case forthwith and as soon as something is filed in some other county of Pennsylvania, presumably a county in which the child resides."  Upon careful review, we affirm.

The trial court set forth the following factual and procedural history.

> Father and [E.M.F.,] Mother[,] are the [natural parents] of three minor children, N.F., A.F., and E.F.[1]  The parties have litigated matters stemming from the dissolution of their marriage, including the custody of their children since December of 2013, in York County.  The operative custody order is a stipulated order dated

---

[1] N.F., A.F., and E.F. were born in May of 2009, September of 2010, and August of 2012, respectively.

March 22, 2016.[2]  With Father's approval, Mother relocated to Dauphin County in June of 2015.  Father resides in York Haven, York County.  Despite the relocation in 2015, venue for the custody and all related actions remained in York County.  On March 6, 2018, Mother filed her Motion for Inconvenient Forum and Motion to Change Jurisdiction to Dauphin County, Pennsylvania. . . .

Father[, acting *pro se*,] filed a Motion to Dismiss on March 12, 2018.  The next day, the [c]ourt issued an [o]rder [s]cheduling [h]earing for March 23, 2018.  On the morning of the 23rd, Father[, acting *pro se*,] filed Preliminary Objections as well as an Answer to Motion for Inconvenient Forum and Motion to Change Jurisdiction to Dauphin County, Pennsylvania.  A hearing was held that same day; both parties were given ample opportunity to testify and to present witnesses and evidence.  A full and accurate record was produced.  Following the hearing, the [c]ourt issued an order granting the petition to change venue.  . . .

Trial Court Opinion, 6/6/18, at 2-3.  Specifically, by order issued on March 23, 2018, and entered on April 19, 2018, the trial court directed:

In this matter, we have in front of us a petition to change jurisdiction, and it really means venue, from York County to Dauphin County.  We grant that Petition and hereby order that York County, Pennsylvania, will relinquish venue of this case forthwith and as soon as something is filed in some other county of Pennsylvania, presumably a county in which the child resides.

Order, 4/19/18.

---

[2] The existing custody order granted the parties shared legal custody, Mother primary physical custody, and Father partial physical custody on alternating weekends from Friday after school or 12:00 p.m. during summer vacation or breaks from school until 9:00 p.m. on Sunday.  Order, 3/22/16, at 7.  Further, the order granted Father "liberal rights of partial custody during the week as agreed upon by the parties," not including overnights unless the parties specifically agree.  Order, 3/22/16, at 7.  The order also included a holiday custody schedule.

Father, acting *pro se*, filed a notice of appeal on April 26, 2018. Father did not concurrently file a concise statement of errors complained of on appeal as required by Pa.R.A.P. 1925(a)(i)(2) and (b). On May 23, 2018, this Court issued an order directing Father to file a concise statement by May 30, 2018, and Father timely complied. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that, in a children's fast track case, the failure to file a concise statement along with the notice of appeal will result in a defective notice of appeal, to be decided on a case-by-case basis); *cf. J.M.R. v. J.M.*, 1 A.3d 902, 907 (Pa. Super. 2010) (holding that an appellant's failure to comply with an order from this Court to file a concise statement will result in the waiver of the issues on appeal). The trial court filed an opinion pursuant to Rule 1925(a) on May 10, 2018, and June 6, 2018.

On appeal, Father presents the following issues for our review, which we have re-ordered for ease of disposition:

1. Did the trial court have subject matter jurisdiction to entertain a motion for transfer of jurisdiction when no petition for modification had been filed anywhere, in any county?

2. Did the trial court err when it relinquished continuing, exclusive jurisdiction, ". . . to some other county in Pennsylvania, presumabl[y] a county where the children reside" absent a petition for modification and absent an open docket in another county to receive the instant custody case, abdicating it into limbo, even while the children maintained significant connections and a residence in the home [county]?

3. Did the trial court err in the matters of law when it ignored [Father's] Motion to Dismiss and [Father's] Memorandum of Law in Support of Preliminary Objections?

4.     Did the trial court err in matters of law by heavily weighing the location of primary custody and miscalculating overnights in custody as the determining factors for relinquishing jurisdiction in the custody matter?

5.     Did the trial court abuse its discretion in weighing the factors in § 5427 and subsequently relinquishing jurisdiction?

6.     Did the trial court abuse its discretion in allowing [Mother] to plead *forum non conveniens* for her own selected forum and without substantial change in circumstances?

7.     Did the trial court abuse its discretion when it adjudged York County is a *forum non conveniens* without a scintilla of evidence and adjudging York County as inconvenient to a litigant who resides a mere 10 miles outside of York County in the southwestern edge of neighboring Dauphin County?

Father's brief at 9-10 (italics added).

Initially, we observe that the trial court properly found that Mother's request was to change the venue, not jurisdiction, of this custody action. Our Supreme Court has explained the distinction between subject matter jurisdiction and venue, as follows:

Subject matter jurisdiction refers to the competency of a given court to determine controversies of a particular class or kind to which the case presented for its consideration belongs. Venue is the place in which a particular action is to be brought and determined, and is a matter for the convenience of the litigants. Jurisdiction denotes the power of the court whereas venue considers the practicalities to determine the appropriate forum.

*In re R.L.L.'s Estate*, 409 A.2d 321, 322 n. 3 (Pa. 1979) (internal citations omitted). Based on these distinctions, "[v]enue assumes the existence of jurisdiction." *See Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003).

- 4 -

Further, the trial court properly found that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S. §§ 5401-5482, is applicable. *See* 23 Pa.C.S. § 5471 ("The provisions of this chapter allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among courts of common pleas of this Commonwealth."). In *J.K. v. W.L.K.*, 102 A.3d 511 (Pa. Super. 2014), this Court explained:

> In order to effectuate [the Section 5471] mandate, our supreme court has promulgated specific rules for applying the provisions of the UCCJEA to intrastate custody disputes. The rules recognize that all counties within the Commonwealth maintain subject matter jurisdiction of custody disputes. However, Pennsylvania Rule of Civil Procedure 1915.2 governing venue of custody matters defines how and what county may properly exercise that jurisdiction.[3]

---

[3] The Rule provides, in relevant part:

**Rule 1915.2. Venue**

**(a)** An action may be brought in any county

(1)(i) which is the home county of the child at the time of commencement of the proceeding, or

(ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

(2) when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical

*Id.* at 514 (emphasis added). Instantly, we analyze Father's issues in terms of venue.

Father does not dispute that the trial court had exclusive, continuing venue of this custody action pursuant to Section 5422.[4] Although the trial

_____

presence and there is available within the county substantial evidence concerning the child's protection, training and personal relationships; or

. . .

**(c)** The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum. It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, process, pleadings and other papers filed in the action. The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

. . .

Pa.R.C.P. 1915.2(a)(1), (2), (c).

[4] Section 5422 provides, in relevant part:

**§ 5422. Exclusive, continuing jurisdiction.**

**(a)** *General rule.* — Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child

court had the authority to exercise its venue, it declined to do so pursuant to Rule 1915.2(c), *supra*, which follows the inconvenient forum provision of 23 Pa.C.S. § 5427. **See** Pa.R.C.P. 1915.2 (Explanatory Comment). As such, the trial court granted Mother's petition to change venue based upon its application of the factors set forth in Section 5427(b).[5]

---

custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

**(1)** a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or

**(2)** a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S. § 5422(a).

[5] Section 5427 provides, in relevant part:

**§ 5427.  Inconvenient forum.**

. . .

**(b)** *Factors.* — Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

We review a court's decision to exercise or decline venue according to an abuse of discretion standard. *See M.E.V. v. R.D.V.*, 57 A.3d 126 (Pa. Super. 2012). As we have explained, "an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings." *Id.* at 129 (citation omitted).

---

**(1)** whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

**(2)** the length of time the child has resided outside this Commonwealth;

**(3)** the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

**(4)** the relative financial circumstances of the parties;

**(5)** any agreement of the parties as to which state should assume jurisdiction;

**(6)** the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

**(7)** the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

**(8)** the familiarity of the court of each state with the facts and issues in the pending litigation.

. . .

23 Pa.C.S. § 5427(b).

In his first and second issues on appeal, Father asserts that the trial court erred in applying Section 5427 without a petition to modify the existing custody order pending in the trial court or in the Dauphin County Court of Common Pleas. Relying on our decision in **S.K.C. v. J.L.C.**, 94 A.3d 402 (Pa. Super. 2014), he asserts that, "there can be no hypothetical determination of inconvenient forum as it might exist at some point in the future." Father's brief at 24.

In **S.K.C.**, this Court affirmed the order of the Court of Common Pleas of Mercer County that denied the father's motion to transfer the custody case to Québec, Canada. The father filed the motion following the mother's petition to modify the existing custody order. The father argued that the trial court did not have exclusive, continuing jurisdiction under Section 5422(a)(1), *supra*, because a significant connection did not exist between the child and this Commonwealth.[6] This Court stated:

> Neither this Court nor our Supreme Court has expressly determined at what time the trial court must evaluate the circumstances to determine if there exists a substantial connection between a child and this Commonwealth. Three possibilities appear to us: at the time the modification petition is filed; at the time the modification hearing is held; and at the time the trial court makes a final determination.

---

[6] We have stated that a "significant connection" exists "where one parent resides and exercises his parenting time in the state and maintains a meaningful relationship with the child." **S.K.C.**, *supra* at 412 (quotation omitted).

We conclude that the determination must be made based upon the factual circumstances as they existed at the time the modification petition was filed.

*S.K.C.*, *supra* at 411 (footnote omitted). We explained, "If we permitted the determination to be made at any other point in time, it would give no effect to [the] comment [to Section 5422]." *Id.* The comment provides, in pertinent part, "'Jurisdiction attaches at the commencement of the proceeding. If state A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the state prior to the conclusion of [the] proceeding.'" *Id.* (citing 23 Pa.C.S. § 5422 comment). Further, we explained,

[A]llowing the determination at any other point in time would be problematic. Allowing the determination to be made at the time the hearing is held on the modification petition would provide an incentive for parents not residing within this Commonwealth to delay the proceedings to reduce any connection that the child would have with this Commonwealth. Moreover, allowing the decision to be made based upon the factual circumstances as they exist at the time the trial court makes its determination would encourage the trial court to make factual findings regarding changed circumstances since the modification hearing occurred.

*Id.* at 411-412. In that case, we held that the child had a significant connection to this Commonwealth at the time that the mother filed the modification petition.

Father argues that the foregoing conclusion in *S.K.C.* supports his contention that the trial court erred in applying Section 5427 without a custody modification pending in either county. He contends, "Absent a modification petition, the trial court cannot determine hypotheticals related to inconvenient

- 10 -

forum for a hypothetical . . . counsel and hypothetical unnamed witnesses and an unfiled, future modification based on hypothetical evidence." Father's brief at 27.

In contrast to *S.K.C.*, Father acknowledges that the trial court had exclusive, continuing venue under Section 5422. Indeed, there is no dispute that the children have a significant connection with York County pursuant to Section 5422(a)(1). Therefore, we conclude that Father's reliance on *S.K.C.* is misplaced, and it does not control here.

In addition, Father asserts that determining the proper forum without a petition for modification pending is problematic because if Mother decides "not to file a modification [petition] and relocate[s] once again, Dauphin County would be left with ownership of a case which was never prosecuted in its judicial district." Father's brief at 26. Further, he asserts that if Mother never files a modification petition, then he "would be unduly inconvenienced by traveling to a jurisdiction which never heard the case to . . . file a modification or contempt petition." *Id.*

Finally, Father asserts that the plain language of Section 5427(b)(6)-(8), *supra*, indicates that the trial court erred by entertaining Mother's motion to change venue without a pending custody modification petition. *See* Section 5427(b)(6)-(8) (emphasis added) (Before determining whether it is an inconvenient forum, a court shall consider "(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the

child; (7) the ability of the court of each state <u>to decide the issue</u> expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues <u>in the pending litigation</u>.").

Father's assertions are flawed. The subject order provides that the trial court "will relinquish venue of this case forthwith <u>and as soon as something is filed in some other county of Pennsylvania, presumably a county in which the child resides.</u>" Order, 4/19/18 (emphasis added). As such, the order reveals that the trial court will not relinquish its venue if and until a custody filing occurs in another county in Pennsylvania.[7] We conclude that the trial court, in effect, implemented a stay in accordance with Section 5427(c), which provides:

> **(c) *Stay.* —** If a court of this Commonwealth determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, <u>it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state</u> and may impose any other condition the court considers just and proper.

23 Pa.C.S. § 5427(c) (emphasis added). Thus, to the extent Father's assertions are based on the belief that the trial court relinquished venue to Dauphin County before Mother commenced a custody proceeding in that county, they fail. Further, we conclude that Section 5427(c) clearly permits a trial court to determine that it is an inconvenient forum and that another

---

[7] Mother testified that she has obtained new counsel in Dauphin County, who is prepared to file a petition to modify the existing custody order in Dauphin County. N.T., 3/23/18, at 16-17.

venue is more appropriate prior to the commencement of a custody proceeding in the other venue. Based on the foregoing, we reject Father's first and second claims on appeal. ***See J.K.***, ***supra*** (reversing order that denied the father's petition to transfer venue from Chester County to Montgomery County, when a petition to modify the existing custody order had not been filed in either county, because Chester County no longer had exclusive, continuing venue over the case).

In his third issue, Father asserts that the trial court erred by ignoring his motion to dismiss and his preliminary objections. In his motion to dismiss, Father raised four assertions.[8] The trial court responded as follows in its Rule 1925(a) opinion:

> Th[e] [trial] [c]ourt held oral argument to hear Father's [m]otion [to dismiss], as well as Mother's motion [to change venue]. Perhaps Father expected a more pronounced segmenting of the proceedings into discreet, labeled portions. Father had ample chance to present his case, and in granting Mother's motion[,] we denied Father's [motion to dismiss].

---

[8] Father's first assertion was that the trial court did not have subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6). Father's second assertion was that the UCCJEA is inapplicable to "intrastate transfer of jurisdiction between counties" because "all Pennsylvania counties have jurisdiction over custody matters for children residing in the Commonwealth." Memorandum of Law in support of motion to dismiss, 3/12/18, ¶ 2. Father's third assertion was that Mother's counsel committed fraud by stating to the motions court that he attempted to confer with all interested parties pursuant to a York County local rule. Father's fourth assertion was Mother's counsel violated additional York County local rules involving failure to include a proposed order and a certificate of concurrence with the motion to change venue.

- 13 -

Trial Court Opinion, 6/6/18, at 11. The record supports the court's findings.

On March 12, 2018, the trial court held an oral argument on the subject motion to change the venue. Because Father did not agree to change the venue, the court scheduled an evidentiary hearing for March 23, 2018. In doing so, the court stated on the record in open court that it would decide Father's motion to dismiss during the same proceeding. N.T., 3/12/18, at 6. Father, who acted *pro se*, testified during the evidentiary hearing on his own behalf. With respect to Father's first assertion set forth in his motion to dismiss, the trial court properly found that Father did not raise it during the evidentiary hearing, and so it was waived. With respect to his second assertion, the trial court disposed of it during the hearing by explaining that Section 5471 extends the provisions of the UCCJEA to intrastate custody matters. With respect to his third assertion, the trial court stated that Mother's attorney made an offer of proof that he did not commit a fraud upon the motions court, and Father stipulated to the offer of proof.[9] With respect to his

_____

[9] The following colloquy occurred on the record in open court:

> [MOTHER'S COUNSEL]: [I]n the motion[] that ha[s] been filed by [Father], it indicated my failure to follow the local rules in conferring and seeking concurrence in the notice of presentment.
>
> I have a staff member here to testify . . . [that] I conferred and sought concurrence. . . . I make you an offer of proof and ask if we can stipulate to that, if [Father] is willing to stipulate to that.

final assertion, the trial court properly found that Father failed to raise it during the hearing, and so it was waived.

Regarding Father's preliminary objections, the trial court explained as follows.

> [Said] objections were not ruled upon because they were improperly filed. Preliminary Objections are governed by multiple York County Rules. Specifically, York County Rule 208.3(b) requires that Preliminary Objections be filed for disposition by one-judge, and requires that the moving or pleading party file a Praecipe for one-judge disposition.
>
> . . .
>
> The procedures for preliminary objections were not followed, and no praecipe for disposition was ever filed.

Trial Court Opinion 6/6/18, at 11. We discern no abuse of discretion. Father's third issue fails.

In his fourth issue, Father asserts that the trial court erred in reasoning, "while the locations of the children and the party holding primary physical custody is not dispositive, it can be a relevant factor. Here, [Mother] enjoys primary physical custody. [Father's] physical custody consists of every-other weekend, for a total of 52 overnights per year. This imbalance suggests that

---

THE COURT: Are you willing to stipulate to that? . . .

[FATHER]: Fair enough, Your Honor. . . .

N.T., 3/23/18, at 4-5.

- 15 -

Dauphin, and not York, is the proper place of venue. . . ." Father's brief at 40 (citing Trial Court Opinion, 5/10/18, at 8-9).[10] Father asserts that the venue of the parent with primary physical custody is not included in the Section 5427(b) factors. In addition, Father asserts that the court miscalculated the number of overnights that he exercises in York County, which he asserts is more than 52 per year.

The trial court agreed with Father in its subsequent Rule 1925(a) opinion. The court stated as follows.

> The children . . . maintain significant connections to York County, including exercising significant partial custody time with Father who has resided in York County since before the children's birth. . . . The statute offers no equation for the number of nights spent in the county to determine proper venue. The [c]ourt erred . . . by ruling the children did not maintain significant connections in York County. . . .
>
> The proper measure is not whether the children have significant connection to York County. . . . Rather, the proper measure is an analysis of the eight factors listed in 23 Pa.C.S.A. § 5427, and any other relevant factors. We refer to our original 1925(a) [o]pinion for analysis of those factors and our finding that York County . . . is no longer a convenient forum for this custody case.

Trial Court Opinion, 6/6/18, at 7-8.

As the trial court acknowledged, we agree that it erred in determining that the children did not have a significant connection to York County pursuant to Section 5422(a)(1), *supra*. Nevertheless, we deem this error harmless

_____

[10] The trial court reasoned so in the Rule 1925(a) opinion that it issued before Father filed his concise statement.

insofar as the trial court applied the Section 5427(b) factors in concluding that it is an inconvenient forum and that Dauphin County is a more appropriate forum. Therefore, Father's fourth issue fails.

Turning to the Section 5427(b) factors, *supra*, Father argues in his fifth issue that the trial court abused its discretion in basing its decision on Section 5427(b)(2) and (3). Specifically, he asserts, "Since the children reside in both counties[,] and the distance between York and Harrisburg is inconsequential, the court abused its discretion. . . ." Father's brief at 45. We disagree.

The court weighed the following factors in favor of York County being an inconvenient forum, and that it is appropriate for Dauphin County to exercise venue: Section 5427(b)(2), the length of time the children have resided outside this venue; Section 5427(b)(3), the distance between the York and Dauphin County courthouses; Section 5427(b)(6), the nature and location of the evidence required to resolve the pending litigation.

The testimonial evidence supports the following findings by that trial court. With respect to Section 5427(b)(2), the court found that Mother relocated with the children to Dauphin County in June of 2015. With respect to Section 5427(b)(3), the court found that the distance between the courthouses is 25 miles, and that Father lives "'about halfway between'" them. Trial Court Opinion, 5/10/18, at 7. However, the court found that Mother and the children "are much closer to the Dauphin County venue. . . ." **Id.** With respect to Section 5427(b)(6), the court found as follows.

[Mother] testified that she and the children are located in Dauphin County. She also testified that the children's school, doctor, dentist, orthodontist, church and child care center are all located in Dauphin County. Thus, it seems that the bulk of the evidence relevant to a custody dispute is located in Dauphin. [Father] testified that the children attended piano lessons in York County, and there was some dispute as to which county the children's primary soccer field was in. We do not find this relevant as to the location of evidence, although we do recognize that it may be of some relevance in the larger context of a . . . custody case. . . .

*Id.* at 7-8 (citation to record omitted).

The court weighed Section 5427(b)(8), the familiarity of the courts of each venue with the facts and issues in the pending litigation, "only slightly" in favor of York County as the appropriate venue. The court stated:

[Mother] testified that the parties had been to [custody] conciliation, which occurred in York County, in 2016. The operative custody order, as stated, was a stipulated order. . . . However, actual court involvement was slight.

*Id.* at 8. Indeed, the trial court took judicial notice on the record in open court that the parties' custody case in York County "has never been to trial." N.T., 3/23/18, at 12.

The court found the following factors neutral insofar as neither party presented relevant evidence: Section 5427(b)(4), the relative financial circumstances of the parties; and Section 5427(b)(7), the ability of the court of each venue to decide the issue expeditiously and the procedures necessary to present the evidence. Finally, the court found Section 5427(b)(1), whether domestic violence has occurred, and Section 5427(b)(5), any agreement of the parties to the venue, not relevant in this case.

- 18 -

Based on our careful review, we conclude that the testimonial evidence supports the court's findings with respect to the Section 5427(b) factors, and its decision in light of those findings is reasonable. Therefore, Father's fifth issue fails.

In his sixth issue, Father asserts that the trial court abused its discretion in allowing Mother to plead *forum non conveniens* without a substantial change in circumstances. Specifically, Father asserts that, in January of 2016, while she resided in Dauphin County, Mother had filed in York County a petition to modify the custody order, which resulted in the existing order. He argues, "To approach the court two years later and plead *forum non conveniens*, without a substantial change in circumstances, is tantamount to frivolous litigation and smacks of vexatiousness against [Father.]" Father's brief at 48 (italics added). Father cites as applicable Pennsylvania Rule of Civil Procedure 1006(d)(1), which provides:

**Rule 1006. Venue. Change of Venue**

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1).

Upon review, Father failed to raise this claim in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Therefore, Father's sixth issue is waived on appeal. *See Dietrich v. Dietrich*, 923 A.2d 461, 463 (Pa. Super. 2007) (stating that when an appellant filed a Rule

- 19 -

1925(b) statement, any issues not raised in that statement are waived on appeal).

In his final issue, Father asserts that the trial court abused its discretion in finding that it was a *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1), *supra*. Specifically, he argues that Mother did not demonstrate that York County is "oppressive or vexatious," including the distance of 25 miles from her residence in Dauphin County to the York County courthouse.

Father relies upon ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156 (Pa. 1997), wherein our Supreme Court concluded that the trial court abused its discretion in transferring the civil litigation matters from Philadelphia County to Bucks County, pursuant to Pa.R.C.P. 1006(d)(1), *supra*.[11] The Court concluded, "The trial court failed to hold the defendants to their proper burdens of establishing, through detailed information in the

---

[11] The Court discussed case precedent establishing that the plaintiff should not be deprived of his original choice of forum:

> unless the defendant <u>clearly adduces</u> facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience. . . or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' <u>[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed</u>.

***Cheeseman***, ***supra*** at 160 (emphasis in original) (citations and quotation marks omitted).

record, that the plaintiffs' choice of forum is oppressive or vexatious to the defendant." *Id.* at 162. The Court explained:

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* (citations omitted).

> Instantly, the trial court concluded in its Rule 1925(a) opinion:

> While [the oppressive or vexatious test] is appropriate when a defendant challenges a plaintiff's chosen forum in civil litigation, our legislature has seen fit to codify a court's analysis of inconvenient forum in child custody matters. As stated above, [the trial court] performed this analysis in compliance with 23 Pa.C.S.A. § 5427.

Trial Court Opinion, 6/6/18, at 9. We agree. Indeed, Father has confused the standard for transferring venue at the request of the defendant at the beginning of a civil litigation action with the standard for transferring venue in a child custody action. As such, Father's reliance on Pa.R.C.P. 1006(d)(1), as interpreted by our Supreme Court in *Cheeseman*, *supra*, is misplaced. Father's final issue fails. Because we discern no abuse of discretion by the trial court in its application of 23 Pa.C.S. § 5427 in this case, we affirm the subject order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2018</u>