J-S13002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 37 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001900-2012

| | | |
|---|---|---|
| IN THE INTEREST OF: H.H.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 39 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000518-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: M.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 40 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000519-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: W.N., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-S13002-23

:
:
:
APPEAL OF: D.B., MOTHER          :
:
:
:
:
:          No. 41 EDA 2023

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000520-2019

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 07, 2023**

D.B. (Mother) appeals from the orders entered December 1, 2022, which granted the petitions of the Philadelphia Department of Human Services (DHS) and changed the permanency goals of her children, M.A.N. (born in May of 2010), H.H.N. (born in October of 2013), M.M.N. (born in April of 2016), and W.N. (born in March of 2018) (collectively, Children), from reunification to adoption.[1] Because we conclude that Mother has waived all of her issues for review, we dismiss these appeals.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Mother timely filed separate appeals from the trial court's November 1, 2022 decrees terminating Mother's parental rights pursuant to 23 Pa.C.S. § 2511. This Court docketed those appeals at 3024 EDA 2022, 3025 EDA 2022, 3026 EDA 2022, and 3027 EDA 2022 and addressed them in a separate opinion. In that opinion, we concluded that the trial court violated Children's right to counsel under 23 Pa.C.S. § 2313(a), vacated the decrees terminating Mother's parental rights, and remanded for further proceedings. However, for the reasons set forth below, we conclude Mother has waived any claims regarding Children's right to counsel in the dependency proceedings.

Briefly, on July 9, 2019, the trial court adjudicated Children dependent. The trial court held periodic permanency review hearings throughout the pendency of these cases. Initially, on March 28, 2019, the trial court appointed the Defender Association of Philadelphia, Child Advocacy Unit to serve as Children's guardian *ad litem* (GAL) and legal counsel. However, the trial court appointed a separate attorney (Children's TPR counsel) to serve as Children's legal counsel on January 31, 2022.

On June 13, 2022, DHS filed goal change petitions for all four Children, requesting that the trial court change Children's permanency goals from reunification to adoption. The following day, DHS filed petitions seeking the involuntary termination of Mother's parental rights with respect to all four Children pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b).

The trial court held a combined termination of parental rights (TPR) and goal change hearing on November 1, 2022. At the beginning of the hearing, Children's TPR counsel informed the trial court that he had not yet interviewed Children due to scheduling problems. In response, the trial court chastised Children's TPR counsel for being unprepared and proceeded with the TPR hearing as scheduled. N.T. Hr'g, 11/1/22, at 6-7. However, the trial court indicated that it would take what evidence it could that day at the TPR hearing and scheduled another hearing date concerning the goal change from reunification to adoption. ***Id.***

DHS's first witness was Community Umbrella Association (CUA) case manager Larry Patrick. *Id.* at 8. During Mr. Patrick's testimony, the trial court interrupted and remarked:

> I just want to take a moment since it's an appropriate break in the flow of the testimony occasioned by three outbursts from [Children's TPR counsel's] phone. And I observed [Children's TPR counsel] all throughout the hearing and all he's been doing is playing on his [phone] throughout the hearing, making no notes, not paying attention to the testimony. The purpose of my doing this is now because I'm going to excuse [Children's TPR counsel] from the hearing.

> We're looking for a short date to bring everyone back because I have to entertain his report from [C]hildren, but I'm not going to belabor this hearing now with his presence.

*Id.* at 26.

The trial court then announced it would hold an additional hearing on December 1, 2022, concerning the goal change at which point Children's TPR counsel would be required to provide the trial court with a report regarding his interviews with Children. *Id.* at 26-28. Thereafter, the trial court dismissed Children's TPR counsel from the hearing. *Id.* at 29. At that time, Farrell Bernstein, Esq., Children's GAL, expressed her concern about Children's TPR counsel's absence, and stated that it was her understanding that Children's legal counsel must be present for the entire hearing. *Id.* The trial court responded:

> They [*i.e.*, Children's legal counsel] don't [have to be present for the TPR hearing]. **The only purpose is to offer their report as to their conversation with [C]hildren**. They don't . . . represent any other party, and . . . they're not attorneys of record for any other party. They're TPR counsel for [C]hildren. And

- 4 -

based upon the case law, **the purpose for their appearance is to offer their report as to their conversations with [C]hildren**. They do not have to be present.

*Id.* (emphases added). The trial court then proceeded with the TPR hearing in Children's TPR counsel's absence.[2] *Id.*

DHS also presented testimony from S.Y., the kinship caregiver for M.A.N., H.H.N., and W.N.[3] Mother also testified at the TPR hearing. Lastly DHS called Jovanna Tagertt as a rebuttal witness. Ultimately, the trial court concluded that termination of Mother's parental rights was appropriate under Section 2511(a)(1), (a)(2), (a)(5), (a)(8), and (b). *Id.* at 105-06. The trial court then entered decrees terminating Mother's parental rights to Children.

At the hearing on December 1, 2022, Children's TPR counsel reported that he had interviewed Children, that all of them were happy with their current caregivers, and that the eldest child, M.A.N., said that he wanted S.Y. to adopt him. N.T. Hr'g, 12/1/22, at 5, 7-8. At the conclusion of the hearing, the trial court entered orders changing Children's permanency goals from reunification to adoption.

Mother simultaneously filed timely notices of appeal and concise statements of errors complained of on appeal pursuant to Pa.R.A.P

---

[2] We note that Mr. Patrick also presented testimony regarding permanency review and changing Children's permanency goals during the November 1, 2022 TPR hearing. *See* N.T. Hr'g, 11/1/22, at 31-35, 48-52.

[3] The kinship caregiver for M.M.N. did not testify at the TPR hearing.

1925(a)(2)(i) and (b) at each trial court docket number.[4] The trial court judge has since retired, and the records were forwarded to this Court without a Pa.R.A.P. 1925(a) opinion.

On appeal, Mother raises the following issues for our review, which reorder as follows:

1. Did the court below err in proceeding with the TPR hearing in the absence of legal counsel for Children?

2. Did the court below err when it found that DHS by clear and convincing evidence had met its burden to change [Children's] goal to adoption?

3. Did the court below err in finding that [DHS], had met its burden in proving grounds for termination of parental rights under 23 Pa.C.S.[] § 2511(a)(1), (2), (5), and (8)?

4. Did the court below err in finding that DHS had met its burden to prove that termination would be in [Children's] best interests, under [23 Pa.C.S.] § 2511(b)?

Mother's Brief at 8 (some formatting altered).

**Children's Right to Counsel**

In her first issue, Mother argues that the trial court erred by dismissing Children's TPR counsel from the TPR hearing. *Id.* at 16-23. Mother contends that the trial court violated Children's statutory right to counsel by directing Children's TPR counsel to leave the courtroom and conducting the TPR hearing in Children's TPR counsel's absence. *Id.* at 16, 20-21 (citing, *inter alia*, 23 Pa.C.S. § 2313(a)). In support, Mother notes that this Court has recognized

_____

[4] On January 30, 2023, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513. Order, 1/30/23.

that the role of a child's legal counsel is "to engage in client-directed advocacy on behalf of the child." *Id.* at 20-21 (citing, *inter alia*, **Interest of D.N.G.**, 230 A.3d 361, 366 (Pa. Super. 2020)). Therefore, Mother concludes that because the trial court deprived Children of their statutory right to legal counsel, the goal change orders must be reversed.

We begin by stating our standard of review:

> The standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.
>
> In a change of goal proceeding, the best interests of the child, and not the interests of the parent, must guide the trial court, and the parent's rights are secondary. The burden is on [DHS] to prove the change in goal would be in the child's best interests. In contrast, in a termination of parental rights proceedings, the focus is on the conduct of the parents under 23 Pa.C.S. § 2511.

**In re M.T.**, 101 A.3d 1163, 1172-73 (Pa. Super. 2014) (*en banc*) (citations omitted and formatting altered).

A child's right to counsel in dependency proceedings is governed by 42 Pa.C.S. § 6311; **see also** 23 Pa.C.S. § 2313(a) (providing that a child has a right to counsel in contested TPR proceedings).

Initially, before addressing the merits of this issue, we must determine whether Mother has adequately developed her claim for review. This Court may raise this issue of waiver *sua sponte*. **See Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007). "The issue of waiver presents a question of

law, and, as such, our standard of review is *de novo* and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

"It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority." ***In re M.Z.T.M.W.***, 163 A.3d 462, 465 (Pa. Super. 2017) (citation omitted); ***see also*** Pa.R.A.P. 2119(a) (providing that an appellant must support her argument with discussion of and citation to authorities). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***M.Z.T.M.W.***, 163 A.3d at 465-66 (citation omitted and formatting altered); ***see also Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (explaining that this Court will "not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived" (citation omitted)).

Here, Mother argues that the trial court violated Children's right to counsel in TPR proceedings under 23 Pa.C.S. § 2313(a) and has cited numerous TPR cases in support of her claim. Mother's Brief at 16-23. Mother does not discuss Children's right to counsel in **dependency proceedings** under 42 Pa.C.S. § 6311. Therefore, because Mother has failed to support her claim with relevant authority, we are constrained to conclude that she has waived any claim that the trial court violated Children's right to counsel with

respect to the dependency proceedings.[5]  **See M.Z.T.M.W.**, 163 A.3d at 465-66.

## Goal Change

In her second claim, Mother argues that DHS did not prove by clear and convincing evidence that changing Children's permanency goal was in Children's best interests and that the trial court erred by failing to perform a proper analysis under the Juvenile Act.  Mother's Brief at 31-32 (citing, *inter alia*, 42 Pa.C.S. § 6351(f), (f.1)).

Before we address the merits of Mother's claim, we must determine whether she has preserved it for appeal.  Issues not raised in an appellant's Rule 1925(b) statement are waived.  **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in a Rule 1925(b) statement are waived); **see also Dietrich v. Dietrich**, 923 A.2d 461, 463 (Pa. Super. 2007).

---

[5] We note that in the context of TPR proceedings, our Supreme Court has held that the failure to appoint counsel to represent a child's legal interests is non-waivable structural error.  **See, e.g.**, **In re T.S.**, 192 A.3d 1080, 1086-87 (Pa. 2018).  However, Pennsylvania courts have not recognized that a child's statutory right to separate legal counsel under 42 Pa.C.S. § 6311 in dependency proceedings is non-waivable.  **See, e.g.**, **D.N.G.**, 230 A.3d at 363 & n.2, 367-68 (vacating the decree terminating the mother's parental rights and remanding for a new TPR hearing where the child's right to counsel under 23 Pa.C.S. § 2313 had been violated but affirming the goal change order because the mother had abandoned her issues relating to her appeal from the goal change order).

Here, Mother did not include any claim regarding the goal change orders in her Rule 1925(b) statement.[6] Although Mother reserved the right to supplement her statement after the preparation of the transcript, **see** Mother's Rule 1925(b) Statement, 12/30/22, at 2 (unpaginated), Mother did not seek to do so after receiving a copy of the transcript.

Therefore, we conclude that Mother has waived her claim relating to the goal change orders.[7] **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Dietrich**, 923 A.2d at 463.

## TPR Issues

Mother's final two issues relate to the November 1, 2022 TPR decrees. Mother's Brief at 23-30.[8] As previously stated, Mother has appealed separately from the TPR decrees. This Court will not review issues which are beyond the scope of the instant appeals from the December 1, 2022 goal changes order. **See generally M.W. v. S.T.**, 196 A.3d 1065, 1069 n.6 (Pa. Super. 2018) (declining to review the denial of the grandmother's petition to intervene in a dependency case where the grandmother only filed a notice of

---

[6] Mother filed identical Rule 1925(b) statements at each trial court docket number.

[7] Additionally, even Mother had preserved her goal change claim in her Rule 1925(b) statement, we would conclude that she waived this claim because she failed to develop her arguments beyond bald assertions and failed to support her arguments with citations to the record. **See Milby**, 189 A.3d at 1079; **M.Z.T.M.W.**, 163 A.3d at 465-66; Pa.R.A.P. 2119(a).

[8] We not that although Mother's appeals from the dependency orders were not consolidated with Mother's appeals from the TPR decrees, Mother has filed identical briefs for both appeals.

appeal from the order dismissing her complaint for custody). Therefore, Mother's third and fourth issues are not cognizable in the instant appeals from the goal change orders.

For the reasons stated above, we conclude that all of the issues that Mother has raised are either waived or not cognizable. Accordingly, we are constrained to dismiss Mother's appeals.

Appeals dismissed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/7/2023*